Entered on Docket
December 16, 2016
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LILLIAN GOLENIEWSKI,                        No. 13-10977

           Debtor(s).
_____/

LINDA GREEN, Trustee,

           Plaintiff(s),

       v.                                 A.P. No. 16-1020

RICHARD CHEN, et al.,

           Defendant(s).
_____/

Memorandum re Timeliness of Complaint
_____

       Upon the filing of debtor Lillian Goleniewski's Chapter 7 petition, her real property at 1860 Adobe Creek Drive, Petaluma, California, became property of the bankruptcy estate. Ten months after the filing and while the estate was still open Goleniewski unlawfully sold the property to defendants Richard Chen and Ha Mei Sum. Plaintiff Linda Green, the Chapter 7 trustee, seeks avoidance of the transfer pursuant to § 549(a) of the Bankruptcy Code as an unauthorized postpetition transfer. Defendants have moved the court for summary judgment, alleging that Green's complaint, filed on

1

March 28, 2016, was not timely.

Pursuant to § 549(d) of the Code, an action under § 549(a) may not be commenced after two years from the date of the transfer. Green filed her complaint exactly two years after the deed to the Defendants was recorded. Relying on state law, Green argues that the recording date is the date of the transfer. Relying on federal law, Defendants argue that the date of the deed, March 25, 2014, is the date of the transfer. The court disagrees with both sides, though it appears that Defendants are more correct than Green under both state and federal law.

Under state law, when a deed is deposited into escrow transfer of title is conditioned upon the grantee's performance of the conditions of escrow; legal title passes to the grantee at the time of his completion of the conditions precedent, whether or not the escrow holder gives him physical possession of the deed. *Osborn v. Osborn*, 42 Cal.2d 358, 363 (1954); 12 Witkin, *Summary of California Law* (10th Ed.2016), § 308. However, § 101(54) of the Bankruptcy Code defines "transfer" as "each mode, direct or indirect, *absolute or conditional*, voluntary or involuntary, of disposing or parting with" property or an interest in property (emphasis added). Thus, under state law a transfer does not take place until the conditions of the sale have been met but under federal law a transfer takes place even if there are still unmet conditions.

The court concludes that federal law governs this case, as § 549(d) uses the word "transfer" without qualification and § 101(54) defines "transfer" without any need to refer to state law. Therefore, the transfer took place when Goleniewski deposited her deed into escrow. However, even if the court were to apply state law it appears that the outcome would still be favorable to Defendants, as under state law the transfer occurred when the purchase funds were deposited into escrow and not, as argued by Green, when escrow closed and the deed was recorded.

Because both sides argued the wrong dates, the court cannot grant summary judgment without more information. However, summary judgment will be granted to Defendants if they establish by undisputed evidence that Goleniewski deposited the deed into escrow before March 28, 2014. In view of the likelihood that this matter is time-barred, the court will defer adjudication of Green's separate

2

motion for summary judgment based on the merits of the case.

Dated: December 16, 2016

                                                Alan Jaroslovsky
                                                U.S. Bankruptcy Judge

3